# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | |
|---|---|
| **REVV-ELATION AUTO SALES, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| **ATLANTIC ACCEPTANCE CORP.** and ) | |
| **RYAN LITTLE,** ) | |
| ) | |
| **Defendants.** ) | |

## VERIFIED COMPLAINT AND PETITION FOR PRELIMINARY INJUNCTION

REVV-Elation Auto Sales, LLC (hereafter, "REVV") hereby file this verified complaint and petition for preliminary injunction against Atlantic Acceptance Corp. (hereafter, "AAC") and Ryan Little (together, "Defendants"), as follows.

## NATURE OF THE ACTION

1. This is an action for fraud, breach of fiduciary duty and conversion stemming from Defendants' failure to provide REVV with funds to which it is entitled following the sale of several vehicles.

2. This is also an action seeking injunctive and post-judgment relief against Defendants' which are currently unlawfully holding funds belonging to

REVV, and as a result thereof, causing permanent and irreparable harm to REVV's business.

## PARTIES

3. REVV-Elation Auto Sales, LLC is a limited liability company organized under the laws of the State of Texas, which may be served by serving the undersigned, and submits itself to the jurisdiction of this Court. REVV-Elation Auto Sales, LLC is a single member limited liability company with a single member, Dana M. Coleman, who is a citizen and resident of the State of Texas, and is domiciled in the State of Texas. Mr. Coleman resides in the State of Texas and his place of business is located at 15255 Gulf Freeway, Suite 121C, Houston, Harris County, Texas 77034.

4. Atlantic Acceptance Corp. is a domestic for profit corporation organized under the laws of the State of Florida, with its principal office located at 700 South Rosemary Avenue, Suite 204-B55, West Palm Beach, Palm Beach County, Florida 33401, and may be served by serving its registered agent Valentin Rodriguez at 2465 Mercer Avenue, Suite 301, West Palm Beach, Palm Beach County, Florida 33401.

5. Ryan Little is an individual citizen and resident of the State of Florida, and is domiciled in the State of Florida. Mr. Little may be served at his place of business at 700 South Rosemary Avenue, Suite 204-B55, West Palm Beach, Palm

Beach County, Florida 33401. Mr. Little resides at and is domiciled at 100 Claremont Lane, Apartment 8, Palm Beach Shores, Florida 33404.

## JURISDICTION AND VENUE

6. Jurisdiction in this action is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) as this is a diversity jurisdiction action and all of the plaintiffs are citizens of different states from all of the defendants, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7. Venue in this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all, or substantially all, of the acts or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL BACKGROUND

**A.   The Jones Deal.**

8. On November 8, 2022, non-party G***** Jones purchased a Nissan Sentra from REVV for $27,900.51, of which $17,600.00 was financed (Mr. Jones's full name is redacted for his privacy).

9. The previous day, November 7, 2022, AAC had approved Mr. Jones's financing.

10. Per the terms of the lending agreement between AAC and Mr. Jones, Mr. Jones was to pay AAC sixty-six (66) consecutive payments of $412.14.

11. Per the terms of the agreement between AAC and REVV, upon approval and final execution of the sales documents, AAC was to fund REVV the financed amount of $17,600.00 on behalf of Mr. Jones.

12. The agreement between AAC and REVV did not require Mr. Jones to make any payments for funding to begin.

13. Nonetheless, Mr. Jones has made all of his regular payments in the amount of $412.14 to AAC.

14. REVV released the vehicle to Mr. Jones and caused the title of the vehicle to be placed into Mr. Jones's name with AAC as the lien holder.

15. Despite this, AAC has failed to fund REVV.

16. Like many car dealerships, REVV operates on a "floor plan" financing system through a non-party.

17. In essence, the floor plan allows REVV to purchase vehicles for placement in its showroom, and when REVV sells the vehicles, REVV is required to pay the floor plan its proceeds from the floor plan loan.

18. For the Nissan Sentra that was sold to Mr. Jones, REVV was required to pay the floor plan.

19. Following the sale of the Nissan Sentra, due to the failure to fund by AAC, REVV was forced to pay the floor plan out of its own funds.

20. Like most small car dealerships, REVV operates on slim margins and was not able to fund the floor plan easily.

21. Ryan Little is the principal of AAC and personally benefits from its success.

22. Throughout November and December of 2022, AAC and Mr. Little, personally, promised to fund REVV with the missing $17,600.00 from the Jones sale.

23. In January, 2023, Mr. Little personally promised REVV that the $17,600.00 would be funded shortly.

24. No funding has come in whatsoever, but Mr. Jones continues to pay AAC for the loan.

**B.    The Thomas Deal.**

25. On November 23, 2022, non-party N***** Thomas purchased a Nissan Altima from REVV for $22,500.00, of which $22,000.00 was financed (Ms. Thomas's full name is redacted for her privacy).

26. A few days prior, on November 12, 2022, AAC had approved Ms. Thomas's financing.

27. Per the terms of the lending agreement between AAC and Ms. Thomas, Ms. Thomas was to pay AAC seventy-two (72) consecutive payments of $495.45.

28. Per the terms of the agreement between AAC and REVV, upon approval and final execution of the sales documents, AAC was to fund REVV the financed amount of $22,000.00 on behalf of Ms. Thomas.

29. The agreement between AAC and REVV did not require Ms. Thomas to make any payments for funding to begin.

30. Nonetheless, Ms. Thomas has made all of his regular payments in the amount of $495.45 to AAC.

31. REVV released the vehicle to Ms. Thomas and caused the title of the vehicle to be placed into Ms. Thomas's name with AAC as the lien holder.

32. Despite this, AAC has failed to fund REVV.

33. For the Nissan Altima that was sold to Ms. Thomas, REVV was also required to pay the floor plan.

34. Following the sale of the Nissan Altima, due to the failure to fund by AAC, REVV was forced to pay the floor plan out of its own funds for this vehicle as well.

35. Ryan Little personally benefits from the success of this deal as well.

36. Throughout November and December of 2022, AAC and Mr. Little, personally, promised to fund REVV with the missing $22,000.00 from the Thomas sale.

37. In January, 2023, Mr. Little personally promised REVV that the $22,000.00 would be funded shortly.

38. No funding has come in whatsoever, but Ms. Thomas continues to pay AAC for the loan.

**C.   The Damages.**

39. As a result of Defendants' failure to fund REVV with the total $39,600.00 ($17,600.00 + $22,000.00), which has gone on since November of 2022, REVV has suffered the extreme harm of not having access to their funds.

40. The continued nonpayment causes REVV to have suffered, and to continue to suffer, irreparable harm in the form of permanent damage to its floor plan.

41. Ordering the AAC to fund the Jones deal in the amount of $39,600.00 will not result in any harm to AAC, as Mr. Jones and Ms. Thomas have been making consistent payments and AAC has not raised any allegation of concern over their ability to pay.

42. REVV is certain to prevail on the merits against Defendants, as AAC approved Mr. Jones's and Ms. Thomas's loans, REVV titled and provided the vehicles to Mr. Jones and Ms. Thomas, and Mr. Jones and Ms. Thomas have made regular payments for the vehicles.

43. No element of this matter has any meaningful impact on the public interest, and therefore, granting the sought-after injunction will not disserve the public interest.

44. REVV now sues for damages against Defendants; and petitions this Court for a interlocutory preliminary injunction ordering Defendants to release the Jones and Thomas funds in the amount of $39,600.00.

45. REVV has made numerous demands of all Defendants pursuant to the factual statements made herein, and although Defendants have agreed to release the funds, no funds have been released.

## COUNT I
### Fraud
### Against Both Defendants

46. REVV restates paragraphs 1-45 and incorporates said paragraphs herein by reference.

47. AAC approved the Jones loan on November 7, 2022 and the Thomas lon on November 12, 2022.

48. AAC and Mr. Little also repeatedly assured REVV that it would fund the Jones and Thomas loans in a timely fashion, which induced REVV to release the vehicles to Mr. Jones and Ms. Thomas.

49. After REVV released and titled the vehicles to Mr. Jones and Ms. Thomas, Defendants failed to fund the loans.

50.     REVV has been damaged by this failure to fund in the amount of $39,600.00 in lost revenues, and loss of the use of the funds which it had to acquire a separate loan for, resulting in damages well in excess of $500,000.00.

51.     Defendants are liable to REVV for fraud in the amount of at least $539,600.00.

## COUNT II
## Breach of Fiduciary Duty
## Against Both Defendants

52.     REVV restates paragraphs 1-51 and incorporates said paragraphs herein by reference.

53.     AAC approved the Jones loan on November 7, 2022 and the Thomas lon on November 12, 2022.

54.     AAC and Mr. Little also repeatedly assured REVV that it would fund the Jones and Thomas loans in a timely fashion, which induced REVV to release the vehicles to Mr. Jones and Ms. Thomas.

55.     After REVV released and titled the vehicles to Mr. Jones and Ms. Thomas, Defendants failed to fund the loans.

56.     In agreeing to fund the loans subject to the Jones and Thomas deals, Defendants became fiduciaries of the $39,600.00 held on behalf of REVV to be released to REVV.

57. In failing to fund the loans, Defendants breached their fiduciary duty to REVV.

58. REVV has been damaged by this breach of fiduciary duty in the amount of $39,600.00 in lost revenues, and loss of the use of the funds which it had to acquire a separate loan for, resulting in damages well in excess of $500,000.00.

59. Defendants are liable to REVV for breach of fiduciary duty in the amount of at least $539,600.00.

### COUNT III
### Conversion
### Against All Defendants

60. REVV restates paragraphs 1-59 and incorporates said paragraphs herein by reference.

61. AAC approved the Jones loan on November 7, 2022 and the Thomas lon on November 12, 2022.

62. AAC and Mr. Little also repeatedly assured REVV that it would fund the Jones and Thomas loans in a timely fashion, which induced REVV to release the vehicles to Mr. Jones and Ms. Thomas.

63. After REVV released and titled the vehicles to Mr. Jones and Ms. Thomas, Defendants failed to fund the loans.

64. In agreeing to fund the loans subject to the Jones and Thomas deals, Defendants became bailors of the set fund of $39,600.00 held on behalf of REVV to be released to REVV.

65. In failing to remit payment of the set fund of $39,600.00 held on behalf of REVV, Defendants converted the set fund of $39,600.00 to their own use.

66. REVV has made repeated demand for the set fund of $39,600.00, but Defendants have failed to provide the funds.

67. REVV has been damaged by this conversion in the amount of $39,600.00 in lost revenues.

68. Defendants are liable to REVV for conversion in the amount of $39,600.00.

**COUNT IV**
**Preliminary Interlocutory Injunction**
**Against Both Defendants**

69. REVV restates paragraphs 1-69 and incorporates said paragraphs herein by reference.

70. Defendants are in improper possession of $39,600.00 which is earmarked for REVV.

71. As a result of this failure to remit the $39,600.00, which has existed since November of 2022, REVV has suffered the extreme harm of not having

access to the funds, and loss of the use of the funds which it had to acquire a separate loan for, resulting in damages well in excess of $500,000.00.

72. The continued failure to remit the funds causes REVV to have suffered, and to continue to suffer, irreparable injury and harm.

73. Ordering the release of the funds by Defendants will not result in any harm to Defendants, as Mr. Jones and Ms. Thomas have been making consistent payments and AAC has not raised any allegation of concern over Mr. Jones's and/or Ms. Thomas's ability to pay.

74. REVV is certain to prevail on the merits against Defendants.

75. No element of this matter has any meaningful impact on the public interest, and therefore, granting the sought-after injunction will not disserve the public interest.

76. REVV now sues for damages against Defendants; and petitions this Court for a interlocutory preliminary injunction ordering Defendants to release the Jones and Thomas funds in the amount of $39,600.00.

77. A preliminary interlocutory injunction, ordering Defendants to release the $39,600.00 immediately, is proper.

## COUNT IV
### Attorneys' Fees
### Against Both Defendants

78. REVV restates paragraphs 1-78 and incorporates said paragraphs herein by reference.

79. REVV has attempted to resolve this matter amicably.

80. Defendants have repeatedly rebuffed REVV's ovations.

81. REVV made formal demands, to which Defendants have not responded.

82. Defendants refused to resolve this matter reasonably.

83. Defendants have been stubbornly litigious.

84. REVV is entitled to attorneys' fees and costs for having to bring and maintain this action.

## PRAYER FOR RELIEF

WHEREFORE, REVV-Elation Auto Sales, LLC prays for judgment as requested above against Defendants and further request:

    a. An award of damages as stated per this Complaint;

    b. Incidental and consequential damages;

    c. Punitive damages;

    d. Preliminary interlocutory injunctive relief;

   e. An award of attorneys' fees and costs in bringing and maintaining this action; and

   f. Any other relief as this Court may deem just and reasonable.

## **DEMAND FOR JURY TRIAL**

REVV-Elation Auto Sales, LLC requests a trial by jury on all issues so triable.

Respectfully submitted, this 19th day of January, 2023.

        FGP LAW, LLC

        /s/ Frank G. Podesta
        Frank G. Podesta
        Florida Bar No. 0090488
        fpodesta@fgplaw.com

        555 Sun Valley Drive
        Suite N-3
        Roswell, Georgia 30076
        678.677.5143 (voice)
        678.222.0123 (facsimile)
        *Attorneys for REVV-Elation Auto Sales, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| REVV-ELATION AUTO SALES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) |
| ATLANTIC ACCEPTANCE CORP. and | ) |
| RYAN LITTLE, | ) |
| | ) |
| Defendants. | ) |

## VERIFICATION OF VERIFIED COMPLAINT AND PETITION FOR PRELIMINARY INJUNCTION

STATE OF TEXAS            )
                         )
COUNTY OF HARRIS         )

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Dana M. Coleman, a principal of REVV-Elation Auto Sales, LLC, who, after being duly sworn, deposes and states on oath that the allegations, facts and claims contained in this Verified Complaint and Petition for Preliminary Injunction are true and correct upon his personal knowledge and belief.

This 19th day of January, 2023.

_____
Dana M. Coleman

Sworn to and subscribed before me this
__19__ Day of January, 2023.

_____
Notary Public          (SEAL)
My commission expires: 06/10/2025

MAYRA MEDINA
Notary Public, State of Texas
Comm. Expires 06-10-2025
Notary ID 133150784